ALMA FRANCIS GIFFORD, PLAINTIFF-APPELLANT, v. EMMA WOOLLEY AND ELIZABETH WOOLLEY, DEFENDANTS-APPELLEES.

Submitted October 3, 1939—Decided January 24, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiff-appellant, *Harry R. Cooper*.

For the defendants-appellees, *Rogers & Ferguson* (*Charles E. Rogers*, of counsel).

PER CURIAM.

This is an appeal from a judgment in favor of the defendants entered in the Ocean County Court of Common Pleas and from an order of the trial court in discharging a rule to show cause why a new trial should not be granted on the ground that such action constituted an abuse of discretion.

The suit was for damages for an alleged assault and battery. The parties are neighbors and are on unfriendly terms. It would seem that each does things to annoy the other. It is said that the plaintiff annoys the defendants by spying at them through field glasses and turning on and off their porch lights and that the defendants annoy the plaintiff by flashing automobile headlights at her.

On the night of the alleged assault both parties were indulging in these childish diversions toward each other. The plaintiff says that she went out on the sidewalk toward the defendant and was looking at her through her field glasses and that the defendant Mrs. Woolley came up to her and slapped her in the face. The other defendant, daughter of Mrs. Woolley, was standing near by and is charged by an amended complaint which is not found in the state of case, with aiding and abetting her mother in the assault and battery. The defendants deny the charges. Mrs. Woolley says that she asked plaintiff to take down the field glasses and as she did not do so she took hold of them and took them from her eyes without any struggle or striking and immediately handed them to plaintiff. She says that this was done without any anger. The plaintiff says that she was not put in fear, was not hurt by the slap and has suffered no damage except humiliation.

The jury having rendered its verdict in favor of the defendant, the trial court allowed a rule to show cause why a new trial should not be granted. The plaintiff's reasons in support of the rule and which we must assume were argued, follow; First: Because the verdict was contrary to law.

Second: Because the verdict was contrary to the weight of the evidence. Third: Because the verdict was contrary to the legal rules upon which the court submitted the case to the jury.

There are two grounds argued on this appeal; first, that the trial court erroneously charged the jury in various respects and also failed to charge as requested; second, that there was an abuse of discretion in discharging the rule and not granting a new trial.

In arguing the legality of the charge of the court on the rule to show cause, the plaintiff is precluded from raising those questions on appeal. The reservations of the exceptions in the rule for the purpose of appeal is of no avail. The rule is that irrespective of such reservations a submission of the questions involved on the argument on the rule acts as a waiver of same. There is, therefore, nothing before us for consideration on this ground. *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497.

There remains the question of abuse of discretion on the part of the trial court in not granting a new trial. We are unable to find from the record before us that there is any merit to this charge.

The judgment is affirmed, but without costs.